UNITED STATES DISTRICT COURT
THE SOURTHERN DISTRICT OF FLORIDA

ALEXANDER M. RATTNER, individually
and on behalf of all others similarly situated,

    Plaintiff,                            **CLASS ACTION**

vs.                                                **CASE NO. 17-cv-21344-UU**

TRIBE APP, INC.,

    Defendant.
_____/

KENNETH HORSLEY, individually
and on behalf of all others similarly situated,    **CASE NO. 1:17-cv-23111-JLK**

    Plaintiff,

vs.

TRIBE APP, INC.,

    Defendant.
_____/

**CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES
AND EXPENSES, AND INCORPORATED MEMORANDUM OF LAW
(Inadvertently filed with CMS under the Kenneth Horsley v. Tribe App, Inc. Case No. 1:17-
cv-2311-JLK consolidated matter on 3/20/18 at 9:30 PM)**

        Class counsel, Andrew Shamis and Manuel S. Hiraldo, pursuant to the Court's Preliminary Approval Order, [ECF No. 55], hereby seek approval of their attorneys' fees and expenses, and in support state:

    **I.**    **SUMMARY OF THE LITIGATION, MEDIATION, & SETTLEMENT**

        On or about April 10, 2017, Plaintiff Rattner filed his Complaint in the United States District Court for the Southern District of Florida alleging that Defendant improperly sent text messages in violation of the TCPA. [DE 1]. Plaintiff alleged that he and members of the class received text messages from Tribe without prior express consent or express written consent, which

harmed him and the class (the "Allegations"). Plaintiff sought damages under the TCPA on behalf of himself and the proposed class. On or about May 3, 2017, Plaintiff Horsley filed his Complaint in the United States District Court for the Southern District of California alleging that Defendant improperly sent text messages in violation of the TCPA. Horsely alleged that he and members for the class received text messages from Tribe without prior express consent or express written consent, which harmed him and the class. Plaintiff Horsley's case was consolidated in Plaintiff Ratner's in the Southern District of Florida on August 21, 2017 [DE 41].

On May 1, 2017, Defendant filed an Answer and Affirmative Defenses in response to Plaintiff's Complaint. [DE 11]. On June 8, 2017, the Court entered a scheduling order and discovery commenced shortly thereafter. Plaintiff served Requests for Production, Requests for Admissions, and Interrogatories on Defendant. Defendant responded to the written discovery and produced hundreds of pages of documents. Thereafter, the parties met and conferred several times concerning Plaintiff's contention that Defendant's refusal to coordinate the Rule 30(b)(6) deposition of Defendant to occur in Miami-Dade County within the deadlines imposed by the scheduling order. Defendant noticed the issue before the Court on July 13, 2017 to be heard due to the deposition's scheduling problems [DE 30]. The Court set a hearing on the discovery motion for July 14, 2017. Ultimately Defendant was required to produce the Rule 30(b)(6) in Miami-Dade County within the time constraints of the scheduling order. The parties attended telephonic mediation on July 21, 2017, in which they reached an impasse. Defendant noticed a discovery hearing for July 31, 2017 [DE 36] due to perceived deficiencies in Plaintiff's response to request for production. At the 30(b)(6) deposition of Defendant's corporate representative, settlement discussions were revived with the parties ultimately settling on July 28, 2017 [DE 37] on a class-wide basis, subject to Court approval.

The Parties worked diligently to draft and finalize a written settlement agreement. On August 28. 2017, Plaintiff and Class Counsel filed their Motion for Preliminary Approval. [DE 43]. That motion was amended on October 13, 2017 [DE 48]. The Court held a hearing on Preliminary Approval on November 30, 2017. On December 4, 2017, the Court entered the Preliminary Approval Order that, *inter alia*, directed the Notice be given to the Settlement Class and established deadlines for the filing of the Motion for Final Approval, the timely submission or objections or requests for exclusions, and set a date for the Final Approval Hearing. [DE 55].

Although Defendant denies any liability or wrongdoing related to this Action, Defendant sought to attend mediation early because of its limited financial resources. ("Shamis Decl."), DE 63-1, ¶ 12. The Settlement Fund is significant given Defendant's limited financial resources. *Id*. Defendant's willingness to make such a significant amount available to the Settlement Class supports a finding that the Agreement is a just and fair resolution of the claims in this litigation.

## II.   APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Pursuant to the Agreement and Notices to Class Members, and consistent with recognized class action practice and procedure, Class Counsel respectfully request an award of attorneys' fees not to exceed Twenty Percent (20%) of the Settlement Fund ($40,000.00), to be paid by from the Settlement Fund. Shamis Decl. ¶ 17. Additionally, Class Counsel requests costs and expenses consisting of: (1) $1,125.00 in mediator's fees and expenses and (2) $815.00 in general litigation costs, including court filing fees and travel. Class Counsel and Defendant have discussed the attorneys' fees and costs only after reaching agreement on all other material Settlement terms. *Id*. ¶ 15. Defendant takes no position regarding Class Counsels award of attorney's fees and costs. The requested fee and expenses are within the range of reason under the factors listed in *Camden I Condo. Ass'n. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991). For the reasons detailed herein, Class Counsel submit that the requested fee and expenses are appropriate, fair and reasonable and

3

respectfully request the Court's approval.

### A. The Law Awards Class Counsel Fees From the Common Fund Created Through Their Efforts.

It is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to attorneys' fees based upon the benefit obtained. *Camden I*, 946 F.2d at 771; *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The common benefit doctrine is an exception to the general rule that each party must bear its own litigation costs. The doctrine serves the "twin goals of removing a potential financial obstacle to a plaintiff's pursuit of a claim on behalf of a class and of equitably distributing the fees and costs of successful litigation among all who gained from the named plaintiff's efforts." *In re Gould Sec. Litig.*, 727 F. Supp. 1201, 1202 (N.D. Ill. 1989) (citation omitted). The common benefit doctrine stems from the premise that those who receive the benefit of a lawsuit without contributing to its costs are "unjustly enriched" at the expense of the successful litigant. *Van Gemert*, 444 U.S. at 478. As a result, the Supreme Court, the Eleventh Circuit, and courts in this District have all recognized that "[a] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as whole." *Sunbeam*, 176 F. Supp. 2d at 1333 (citing *Van Gemert*, 444 U.S. at 478); *see also Camden I*, 946 F.2d at 771 ("Attorneys in a class action in which a common fund is created are entitled to compensation for their services from the common fund, but the amount is subject to court approval."). Courts have also recognized that appropriate fee awards in cases such as this encourage redress for wrongs caused to entire classes of persons and deter future misconduct of a similar nature. *See, e.g.*, *Mashburn*, 684 F. Supp. at 687; *see also Deposit Guar. Nat'l Bank v. Rope*, 445 U.S. 326, 338-39 (1980). Adequate compensation promotes the availability of counsel for aggrieved persons:

> If the plaintiffs' bar is not adequately compensated for its risk, responsibility, and effort when it is successful, then effective representation for plaintiffs in these cases will disappear . . . . We

> as members of the judiciary must be ever watchful to avoid being isolated from the experience of those who are actively engaged in the practice of law. It is difficult to evaluate the effort it takes to successfully and ethically prosecute a large plaintiffs' class action suit. It is an experience in which few of us have participated. The dimensions of the undertaking are awesome.

*Muehler v. Land O'Lakes, Inc.*, 617 F. Supp. 1370, 1375-76 (D. Minn. 1985).

In the Eleventh Circuit, class counsel are awarded a percentage of the funds obtained through a settlement. In *Camden I* – the controlling authority regarding attorneys' fees in common-fund class actions – the Eleventh Circuit held that "the percentage of the fund approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I*, 946 F.2d at 774.

This Court has discretion in determining the appropriate fee percentage. "There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Sunbeam*, 176 F. Supp. 2d at 1333 (quoting *Camden I*, 946 F.2d at 774).

The Eleventh Circuit has provided a set of factors courts should use to determine a reasonable percentage to award as an attorney's fee to class counsel in class actions:

> (1) the time and labor required;
> (2) the novelty and difficulty of the relevant questions;
> (3) the skill required to properly carry out the legal services;
> (4) the preclusion of other employment by the attorney as a result of his acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the clients or the circumstances;
> (8) the results obtained, including the amount recovered for the Clients;
> (9) the experience, reputation, and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and the length of the professional relationship with the clients; and

5

      (12)    fee awards in similar cases.

*Camden I*, 946 F.2d at 772 n.3 (citing factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

These 12 factors are guidelines and are not exclusive. "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Sunbeam*, 176 F. Supp. 2d at 1333 (quoting *Camden I*, 946 F.2d at 775). The Eleventh Circuit has "encouraged the lower courts to consider additional factors unique to the particular case." *Camden I*, 946 F.2d at 775. As applied, the *Camden I* factors support the requested fee.

      **1.    The Claims Against Defendant Required Substantial Time and Labor.**

Prosecuting and settling these claims demanded considerable time and labor, making this fee request reasonable. Shamis Decl. ¶ 18. Class Counsel devoted substantial time to investigating the claims against Defendant. *Id.* at ¶ 18. Class Counsel also expended resources researching and developing the legal claims at issue. *Id.* at ¶ 18. Substantial time and resources were also dedicated to conducting written discovery. *Id.* at ¶ 18. As is evident by the docket, the case was vigorously contested during the time before Settlement. *Id.*

Settlement negotiations and preparing for mediation consumed further time and resources. Shamis Decl. ¶ 19. In addition, significant time was devoted to negotiating and drafting of the Agreement and the preliminary approval process, and to all actions required thereafter pursuant to the preliminary approval order. All of this work consumed a substantial amount of time. *Id.* ¶ 20.

Class Counsel's coordinated work paid dividends for the Settlement Class. Each of the above-described efforts was essential to achieving the Settlement before the Court. The time and resources devoted to this Action readily justify the requested fee.

### 2. The Issues Involved Were Novel and Difficult, and Required the Skill of Highly Talented Attorneys.

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against a sophisticated defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F. Supp.2d at 1334 ("In assessing the quality of representation, courts have also looked to the quality of the opposition the plaintiffs' attorneys faced."). This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases.  Mr. Hiraldo and Mr. Shamis have served as class counsel in class action cases throughout the country which have recovered millions of dollars for consumers. Likewise, Mr. Hiraldo and Mr. Shamis are experienced practitioners who have litigated several consumer class action cases, including those alleging violations of the TCPA.  The *Johnson* factors confirm that the negotiated cost and attorney fee award agreed is reasonable.

### 3. Class Counsel Achieved a Successful Result.

Given the significant litigation risks Class Counsel faced, the Settlement represents a successful result.  Once again, each class member who submitted a valid claim will receive a case settlement benefit of up to $500.00 per text message sent by or on behalf of Defendant, after any notice and administrative costs; Attorney's Fee Awards; and the Incentive Awards from the Settlement Fund, is well within the range of various other TCPA settlements that have been granted final approval.[1] This factor thus weighs strongly in favor of approving the cost and fee amount.

---

[1] There have been at least eighteen other approved TCPA class action settlements that provided cash or merchandise to class members less than $100. *See e.g. Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349 (M.D. Louisiana)(DEs 244, 245)($15 recovery per claimant); *Desai v. ADT Security Systems*, Case No. 1:11-cv-01925 (N.D. Illinois)(DEs 240 and 243)($47 recovery per claimant); *Garret, et al. v. Sharps Compliance, Inc.*, Case No. 1:10-cv-04030 (N.D. Illinois)(DE 74)($28.13 recovery per claimant); *Paldo Sign and Display Company v. Topsail Sportswear*, Case No. 1:08-cv-05959 (N.D. Illinois)(DE 116)($42 recovery per fax); *Adams v. AllianceOne*

As shown above, this recovery is significant when compared to many other TCPA cases that provided a portion of what each claimant will receive. Shamis Decl. ¶ 19.

### 4. The Claims Presented Serious Risk.

This case involved difficult substantive issues which presented a significant risk of nonpayment. First, many TCPA claims, including the present action, require a finding that the Defendant's telephone dialing system constitutes an automatic telephone dialing system ("ATDS") under the TCPA and applicable regulations and FCC orders. The law on the ATDS issue continues to developas the D.C. Circuit Court of Appeals recently invalidated the FCC's July 10, 2015 Order.).

The Settlement Fund is significant given Defendant's limited financial resources. Shamis Decl.*, ¶ 23. Defendant's limited financial resources presents additional risk for the pursuit of the subject claims. Accordingly, Defendant's willingness to make such a significant amount available to the Settlement Class supports a finding that the Agreement is a just and fair resolution of the claims in this litigation.

---

*Receivables Management, Inc.*, 3:08-cv-00248 (S.D. California)($40 recovery per claimant)(DEs 116 and 137; *Agne v. Papa John's International, et al.*, 2:10-cv-01139 (W.D. Washington)(DE 389)($50 recovery plus $13 merchandise per claimant); *Bellows v. NCO Financial Systems, Inc.*, 3:07-cv-01413 (S.D. California)(DE 38 at 6)($70 recovery per claimant); *Clark v. Payless ShoeSource, Inc.*, 2:09-cv-00915 (W.D. Wash.)(DEs 61 at 3; 72)($10 merchandise certificate per claimant); *Cubbage v. The Talbots, Inc. et al.*, 2:09-cv-00911 (W.D. Wash.)(DE 114, ¶ 11)($40 or $80 merchandise certificate per claimant); *Hovila v. Tween Brands, Inc.*, 2:09-cv-00491 (W.D. Wash.)(DE 12, ¶ 12)($20 or $45 merchandise certificate); *In re Jiffy Lube International, Inc. Text Spam Litig.*, 3:11-MD-02261 (S.D. Cal.)(DEs 90-1 at 7-8; 97)($15); *Kazemi v. Payless ShoeSource, Inc. et al.*, 3:09-cv-05142 (N.D. Cal.)(DE 94, ¶ 10)($15 merchandise certificate); *Kwan v. Clearwire Corp.*, 2:09-cv-01392 (W.D. Wash.)(DEs 201) ($53 per call); *Lemieux v. Global Credit & Collection Corp.*, 3:08-cv-01012 (S.D. Cal.)(DE 46, at 4)($70 recovery per claimant); *Malta v. Freddie Mac & Wells Fargo Home Mortgage*, 3:10-cv-01290 (S.D. Cal.)(DE 91 at 5)($85 recovery per claimant); *Sarabi v. Weltman, Weinberg & Reis Co.*, 3:10-cv-01777 (S.D. Cal.)(DE 42 at 6)(48 recovery per claimant); *Steinfeld, et al. v. Discover Financial Services, et al.*, 3:12-cv-01118 (N.D. Cal.)(DE 65 at 17)($47 recovery per claimant); and *Wojcik v. Buffalo Bills, Inc.*, 8:12-cv-02414 (M.D. Fla.)(DE 77 at 5)($58-$75 recovery per claimant).

In addition, the ability to recover costs and fees in this case has always been contingent on a successful outcome and substantial recovery. The TCPA does not provide for an award of attorney fees to a prevailing plaintiff. The only way to recover a fee is to be part of a large recovery. Counsel had to advance the costs and fees, and risked receiving nothing in return. Shamis Decl., ¶ 22. This is important because "[a] determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp.2d 1334 at 1339 (S.D. Fla. 2007). Indeed, "[a] contingency fee arrangement often justifies an increase in the award of attorney's fees." *In re Checking Acc't Overdraft Litig.*, 830 F. Supp.2d at 1364, *quoting In re Sunbeam Sec. Litig.*, 176 F. Supp.2d at 1335. Accordingly, some courts have observed that "[a]ttorneys' risk is perhaps the foremost factor in determining an appropriate fee award." *Francisco v. Numismatic Guar. Corp.*, No. 06-61677, 2007 U.S. Dist. LEXIS 96618 at *35 (S.D. Fla. Jan. 30, 2007), *citing Pinto,* 513 F. Supp.2d at 1339.

The novelty and contingent nature of the case demonstrate the undesirability of the case. Few lawyers will take on a lawsuit that consumes significant attorney time, involves uncertain questions, and requires the lawyers to advance out-of-pocket costs, and risk getting paid nothing.

Although Class Counsel were able to achieve an excellent result for the class, achieving this outcome was not certain when they agreed to take the case, and thus these factors all weigh in favor of approving the mediated cost and fee amount. *See In re Checking Account Overdraft Litig*, 830 F. Supp. 2d 1330 (S.D. Fla. 2011) at 1364 ("'Undesirability' and relevant risks must be evaluated from the standpoint of plaintiffs' counsel as of the time they commenced the suit, not retroactively, with the benefit of hindsight")(citing *Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.* 540 F.2d 102, 112 (3d Cir. 1976)).

9

### 5. Class Counsel Assumed Considerable Risk to Pursue This Action on a Pure Contingency Basis.

In undertaking to prosecute this case on a contingent fee basis, Class Counsel assumed a significant risk of nonpayment or underpayment. Shamis Decl. ¶ 23. That risk warrants an appropriate fee. Indeed, "[a] contingency fee arrangement often justifies an increase in the award of attorney's fees." *Sunbeam*, 176 F. Supp. 2d at 1335 (quoting *Behrens*, 118 F.R.D. at 548); *see also Cooper v. Nelnet, Inc.*, No. 6:14-cv-314-Orl-37DAB, 2015 U.S. Dist. LEXIS 100350, at *5 (M.D. Fla. July 31, 2015) ("the Court recognizes that it is not easy for consumers to obtain counsel in TCPA actions, especially considering that the work for a class action is typically done on a contingent basis and that TCPA law is relatively new."); *In re Continental Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) (holding that when a common fund case has been prosecuted on a contingent-fee basis, plaintiffs' counsel must be adequately compensated for the risk of non-payment).

Despite Class Counsel's effort in litigating this Action, we remain completely uncompensated for the time invested in the Action, in addition to the expenses we advanced. Shamis Decl. ¶ 24. There can be no dispute that this case entailed substantial risk of nonpayment for Class Counsel.

### 6. The Requested Fee Comports with Fees Awarded in Similar Cases.

Counsel's requested fee plus expenses not to exceed not to exceed twenty percent (20%) of the Settlement Fund ($40,000.00), to be paid from the Settlement Fundis within the range of fees typically awarded in similar cases. Shamis Decl. ¶ 19. Numerous decisions within and outside of the Southern District of Florida and the Eleventh Circuit have found that a 33.33% fee is within the range of reason under the factors listed by the *Camden I*. "[F]ederal district courts across the country have, in the class action settlement context, *routinely* awarded class counsel fees in excess

10

of the 25 percent 'benchmark.'"[2] *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp. 2d 1185, 1210 (S.D. Fla. 2006) (emphasis added) (awarding fees equaling 31.33%); *Gottlieb v. Citgo Petroleum Corp.*, No. 9:16-cv-81911, 2017 U.S. Dist. LEXIS 197382, at *7-8 (S.D. Fla. Nov. 29, 2017) ("Class Counsel is hereby awarded $2,666,400.00 in attorneys' fees from the gross Settlement Fund, consisting of 33.33% of the Settlement Fund. This percentage accurately reflects the percentage figures of contingency fees attorneys commonly received in the Southern District of Florida and the Eleventh Circuit…"); *Legg v. Laboratory Corp. of America*, 14-cv-61543-RLR, Dkt. 227, p.7 (S.D. Fla. Feb. 18, 2016) (FACTA case awarding one-third of gross recovery for attorneys' fees, plus expenses); *Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, at *27 (S.D. Fla. Nov. 5, 2015) (finding that a request for 30% of a $20 million dollar fund is justified); *Wolff v. Cash 4 Titles*, No. 03-22778- CIV, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third.") (citing Circuit case law and listing Southern and Middle District of Florida attorneys' fees awards); *In re: Terazosin Hydrochloride Antitrust Litigation*, 99-1317-MDL-Seitz, 2005 U.S. Dist. LEXIS 43082 (S.D. Fla. April 19, 2005) (awarding fees of 33.33 % of settlement); *In re: Managed Care Litig. v. Aetna*, MDL No. 1334, 2003 U.S. Dist. LEXIS 27228, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (awarding fees and costs of 35.5% of settlement); *Gutter v. E.I. Dupont De Nemours & Co.*, 95-2152-Civ-Gold, 2003 U.S. Dist. LEXIS 27238 (S.D. Fla. May 30, 2003) (awarding fees of 33.33 % of settlement); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir. 1999) (affirming fee award of

---

[2] *See also* 1 *Court Awarded Attorney Fees*, ¶ 2.06[3], at 2-88 (Matthew Bender 2010) (noting that, "when appropriate circumstances have been identified, a court may award a percentage significantly higher" than 25%); 4 *Newberg on Class Actions*, § 14:6, at 551 (4th ed. 2002) ("Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery.").

33.33 % of settlement).³

Class Counsel's fee request, for Twenty Percent (20%) of the Settlement Fund, falls well within the range of the private marketplace, where contingency fee arrangements often approach or equal forty percent of any recovery. *See Continental*, 962 F.2d at 572 ("The object in awarding a reasonable attorneys' fee . . . is to simulate the market."); *RJR Nabisco, Inc. Sec. Litig.*, Fed. Sec. L. Rep. (CCH) ¶ 94, 268 (S.D.N.Y. 1992) ("[W]hat should govern [fee] awards is . . . what the market pays in similar cases"). And, "[i]n tort suits, an attorney might receive one-third of whatever amount the Plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery." *Blum v. Stenson*, 465 U.S. 886, 904 (1984) (Brennan, J., concurring); *see also Kirchoff v. Flynn*, 786 F.2d 320, 323, 325 n.5 (7th Cir. 1986) (noting "40 percent is the customary fee in tort litigation"); *In re Public Serv. Co. of N.M.*, 1992 WL 278452, at *7 (S.D. Cal. July 28, 1992) ("If this were a non-representative litigation, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery.").

Finally, Class Counsel's fee request also falls within the range of awards in TCPA cases within this Circuit and elsewhere. *See Gottlieb*, 2017 U.S. Dist. LEXIS 197382, at *7-8 (granting fees of $2,666,400.00 in a TCPA class action, which consisted of 33.33% of the settlement fund); *ABC Bartending School of Miami, Inc., v. American Chemicals & Equipment, Inc.*, No. 15-CV-23142-KMV (S.D. Fla. April 11, 2017) (granting fees and costs amounting to one-third of the $1,550,000.00 settlement fund); *Guarisma v. ADCAHB Med. Coverages, Inc.*, Case No. 1:13-cv-21016 (S.D. Fla. June 24, 2015) (granting fees and costs amounting to one-third of the

---

³ *In re Lease Oil Antitrust Litig.*, 186 F.R.D. 403 (S.D. Tex. 1999) (35.1%); *see also Gaskill v. Gordon*, 942 F. Supp. 382, 387-88 (N.D. Ill. 1996), *aff'd*, 160 F.3d 361 (7th Cir. 1998) (finding that 33% is the norm, and awarding 38% of settlement fund); *In re Combustion, Inc.*, 968 F. Supp. 1116 (W.D. La. 1997) (36%); *In re Crazy Eddie Sec. Litig.*, 824 F. Supp. 320, 326 (E.D.N.Y. 1993) (33.8 %); *In re Ampicillin Antitrust Litig.*, 526 F. Supp. 494, 498 (D.D.C. 1981) (45%); *Beech Cinema, Inc. v. Twentieth-Century Fox Film Corp.*, 480 F. Supp. 1195, 1199 (S.D.N.Y. 1979), *aff'd*, 622 F.2d 1106 (2d Cir. 1980) (approximately 53%).

$4,500,000.00 settlement fund); *De Los Santos v. Millward Brown Inc.*, 13-cv-80670-DPG (S.D. Fla. 2015) (granting fees and costs amounting to one-third of gross recovery); *Matthew Benzion v. Vivint, Inc.*, 12-61826-CIV-ZLOCH (S.D. Fla. 2015) (grating fees and costs amounting to one-third of the $6,000,000 settlement fund); *In re Capital One Tel. Consumer Prot. Act Litig*, 2015 U.S. Dist. LEXIS 17120, *62 (N.D. Ill. Feb. 12, 2015) (analyzed dozens of TCPA class settlements throughout the country and determined that a risk adjusted fee structure would provide a fee of 36% for the first $10 million and then lower percentages after that); *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2017 U.S. Dist. LEXIS 91448, at *5 (M.D. Fla. June 5, 2017) (granting fees and costs amounting to 30% of the $3.75 million dollar fund).[4]

Consequently, the attorneys' fee requested is appropriate and should be awarded.

### 7. The Expense Request Is Appropriate.

Class Counsel also request reimbursement for a total of $2,565.00 in litigation costs and expenses. Shamis Decl. ¶ 26. This sum corresponds to certain actual out-of-pocket costs and expenses that Class Counsel necessarily incurred and paid in connection with the prosecution of the Action and the Settlement. *Id.* Specifically, these costs and expenses consist of: (1) $1,750.00 in mediator's fees and expenses and (2) $815.00 in general litigation costs, including court filing fees and travel. *Id.* These out-of-pocket expenses were reasonably and necessarily incurred and paid in furtherance of the prosecution of this Action. *Id.*

---

[4] *Martin v. Dun & Bradstreet, Inc. et al*, No. 1:12-cv-00215 (N.D. Ill. Jan. 16, 2014) (Martin, J.) (Dkt. No. 63) (awarding one-third fee payment of distributed fund); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. May 30, 2014) (Gottschall, J.) (Dkt. No. 91) (awarding one-third of the common fund for fees); *Hanley v. Fifth Third Bank*, No. 1:12-cv-01612 (N.D. Ill. Dec. 23, 2013) (Castillo, J.) (Dkt. No. 86) (awarding one-third of common fund); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-01925 (N.D. Ill. June 21, 2013) (Bucklo, J.) (Dkt. No. 243) (approving payment of one-third of common fund); *Paldo Sign and Display Company v. Topsail Sportswear, Inc.*, No. 1:08-cv-05959 (N.D. Ill. Dec. 21, 2011) (Kennelly, J.) (Dkt. No. 116) (approving one-third of the settlement fund plus expenses); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-cv- 05456 (N.D. Ill. Oct. 27, 2011) (Kennelly, J.) (Dkt. No. 424) (Dkt. No. 100) (same); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 1:07-cv-05953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Dkt. No. 146).

### III.     CONCLUSION

Class Counsel's application for attorneys' fees and expenses is reasonable under all the circumstances. The fee request satisfies the guidelines of *Camden I* given the results achieved, the notable litigation risks, the extremely complicated nature of the factual and legal issues, and the time, effort and skill required to litigate claims of this nature to a satisfactory conclusion.

Accordingly, Plaintiff and Class Counsel respectfully request that this Court award Class Counsel Attorneys' fees, costs and expenses in the amount of Forty Thousand Dollars ($40,000.00) to be paid out of the Settlement Fund.

Dated:  March 20, 2018                          Respectfully submitted,

*/s/ Andrew J. Shamis*

Andrew J. Shamis (FBN 101754)
E-mail: efilings@sflinjuryattorneys.com
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299

Manuel S. Hiraldo (FBN 030380)
E-mail: mhiraldo@hiraldolaw.com
HIRALDO P.A.
401 E. Las Olas Boulevard, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713

*Attorneys for Plaintiff, Alex Rattner
and all others similarly situated*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel identified below via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner.

                              **SHAMIS & GENTILE, P.A.**
                              14 NE 1st Ave., Suite 400
                              Miami, FL 33132
                              Telephone (305) 479-2299
                              Facsimile (786) 623-0915
                              Email: efilings@sflinjuryattorneys.com

By:    /S/Andrew J. Shamis
          ANDERW J. SHAMIS, ESQ
          Florida Bar # 101754

*Attorneys for Plaintiff ALEX RATTNER and all others similarly situated.*